Scott R. Learned
Learned Lawyer PLLC
scottlearned@msn.com
ISB No. 6390
942 W. Myrtle St.
Boise, Idaho 83702
Tel: 208.615.5327
Fax: 215.650.5327

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN McCLURE,<br><br>  Plaintiff,<br><br>v.<br><br>CLEARWATER TECHNOLOGIES, INC., an Idaho corporation,<br><br>  Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Brian McClure ("Mr. McClure"), by and through his undersigned counsel, complains and alleges against Defendant Clearwater Technologies, Inc. ("Clearwater") as follows:

### I.   NATURE OF THE CLAIMS

1. This is an action brought by a former employee of Clearwater for unpaid overtime compensation and other unpaid wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and Idaho law.

2. Mr. McClure seeks all available relief, compensatory damages, liquidated damages, attorney fees, costs, and interest.

## II. PARTIES, JURISDICTION, AND VENUE

3. Mr. McClure is competent to bring this action and, at all times relevant to this Complaint, was and is a citizen of the State of Idaho and a resident of Ada County, Idaho.

4. At all times relevant to this Complaint, Clearwater was and is a corporation organized under the laws of the State of Idaho, with its headquarters located in Ada County, Idaho.

5. This Court has personal jurisdiction over Defendant.

6. This Court has original subject matter jurisdiction over Mr. McClure's FLSA claim under 28 U.S.C. § 1331 because the claim arises under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law wage claim.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant's principal place of business was and is within this judicial district and the conduct that occurred was within this judicial district.

## III. GENERAL ALLEGATIONS

8. Mr. McClure was hired by Terry Rich ("Mr. Rich"), the president of Clearwater, on July 9, 2012, to work for Clearwater as a customer service representative performing inside sales.

9. At the time Mr. McClure was hired, Mr. Rich told Mr. McClure he would be paid a salary of $40,000 per year.

10. Among the benefits for the position, Mr. McClure was to be paid for certain holidays and was to receive paid sick leave. Mr. McClure was to be paid twice per month.

11. On July 10, 2012, before Mr. McClure had received his first paycheck, Mr. Rich gave Mr. McClure a raise to $45,000 per year. Mr. McClure's "regular rate" was $21.63 from July 10, 2012 to April 28, 2013.

12. On May 1, 2013, Mr. McClure received a second raise to $50,000 per year. Mr. McClure's "regular rate" was $23.08 during the week of April 29, 2013 and was $24.04 thereafter.

13. At all times during Mr. McClure's employment, Clearwater and Mr. Rich treated Mr. McClure as a salaried employee, despite his position as a customer service representative performing inside sales.

14. Mr. McClure did not work primarily in the management of the business.

15. Mr. McClure did not work primarily in an administrative capacity directly related to the running or servicing of the business.

16. Mr. McClure's job did not require advanced knowledge or creativity.

17. Mr. McClure did not work in a computer-related occupation, nor did he work in outside sales or as a commissioned salesperson.

18. During his employment, Mr. McClure worked more than forty hours per week on a regular basis, but did not receive any overtime compensation from Clearwater. In addition, in some weeks Mr. McClure did not exceed forty hours actually worked, but did exceed eight hours per day for which he was not compensated in accordance with his contract for wages.

19. With the full knowledge of Mr. Rich, Mr. McClure worked the hours shown on the spreadsheet attached hereto as Exhibit A and incorporated herein by reference.

20. As shown on Exhibit A, Mr. McClure worked 355.75 overtime hours during his employment with Clearwater. The value of those overtime hours, calculated at "time and one half," is $12,006.31.

21. Also as shown on Exhibit A, Mr. McClure worked 67.5 hours during weeks in which he did not exceed forty hours actually worked, but did exceed eight hours per day for which he was

not compensated in accordance with his contract for wages. The value of those hours, calculated at "straight time," is $1524.49.

## IV. FIRST CAUSE OF ACTION
### (Overtime Compensation under FLSA)

22. Plaintiff incorporates the allegations of the above paragraphs herein.

23. At all times during his employment, Mr. McClure was a nonexempt employee covered by the FLSA and, as such, was entitled to overtime in the amount of 1.5 times his regular rate of pay for hours worked in excess of forty hours per workweek.

24. As shown on Exhibit A, Mr. McClure worked 355.75 overtime hours during his employment with Clearwater, for which he received no overtime payments.

25. When the overtime hours worked by Mr. McClure are multiplied by 1.5 times his regular rate for each week, the value of the overtime hours is $12,006.31.

26. The conduct of Clearwater violates FLSA.

27. As a result of Clearwater's violation of FLSA, Mr. McClure is entitled to recover compensatory damages in the amount of $12,006.31, liquidated damages in the same amount, and costs and attorney fees.

## V. SECOND CAUSE OF ACTION
### (Wage Claim under Idaho Law)

28. Plaintiff incorporates the allegations of the above paragraphs herein.

29. As discussed above, Mr. McClure is entitled to unpaid overtime compensation in the amount of $12,006.31.

30. In addition, based on Mr. McClure's agreement with Mr. Rich, Mr. McClure was entitled to paid holidays and paid sick leave and vacation.

31. During some weeks in which Mr. McClure was entitled to a paid holiday or paid leave, Mr. McClure worked in excess of eight hours on non-holiday and non-leave days.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL – Page 4

32. In accordance with his agreement with Mr. Rich, Mr. McClure was entitled to payment of wages in excess of forty hours in such weeks, at the same amount as his regular rate.

33. As shown on Exhibit A, Mr. McClure worked 26.75 hours in excess of forty hours in such weeks, for which he received no compensation.

34. When these additional hours worked by Mr. McClure are multiplied by his regular rate for each week, the value of the hours is $1524.49.

35. Clearwater's failure to pay wages due to Mr. McClure violates Idaho law, including Idaho Code §§ 45-606, 45-607, and 45-608.

36. Under Idaho Code § 45-615, Mr. McClure is entitled to recover three times the unpaid wages, plus costs and attorney fees.

### VI.  JURY DEMAND

37. Plaintiff, by and through counsel of record, and pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of any issue triable of right by jury.

### VII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award the following relief:

1. All wages and other economic benefits lost as a result of the Defendant's unlawful acts;

2. All costs and attorney fees incurred in litigating this action;

3. Treble damages for failure to pay wages due;

4. Liquidated damages pursuant to the FLSA;

5. Pre- and post-judgment interest; and

6. Any such further relief as justice allows.

Dated this 15th day of July, 2014.

LEARNED LAWYER PLLC

_____
Scott R. Learned
*Attorney for Plaintiff*

## VERIFICATION

I, Brian McClure, being first duly sworn on oath, depose and say as follows:

1. I have read the foregoing Complaint and know the allegations contained therein to be true and correct to the best of my knowledge and belief.

_____
Brian McClure

Subscribed and sworn before me this 14th day of July, 2014.

FELIX VELASQUEZ
Notary Public
State of Idaho

My Commission Expires 11-25-19

_____
Notary Public for Idaho
Residing at Canyon County

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL – Page 6